# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2010

No. 10-30116
Summary Calendar

Lyle W. Cayce
Clerk

MCBRIDE & COLLIER,

Plaintiff - Appellant

v.

STEPHEN CALLAWAY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CV-1995

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A law firm brought suit against a bankruptcy judge regarding an order he had entered. The order has now been rescinded. The suit is moot, and we AFFIRM the district court's dismissal on that basis.

McBride & Collier, a partnership in Alexandria, Louisiana, brought suit against Bankruptcy Judge Stephen V. Callaway of the Western District of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30116

Louisiana. Sought was a writ of prohibition and an injunction against a standing order he had entered regarding the payment of fees.

The offending order was dated November 30, 2009. That order was rescinded and replaced by an order entered by all three bankruptcy judges of the Western District on March 5, 2010. This suit was dismissed as moot four days later. This appeal was then taken. According to the briefing, the plaintiffs have brought a separate suit challenging the new order.

Arguments are made on appeal regarding why the appeal is not moot. These include that the rescinding of the order was simply a voluntary cessation, or the issue was capable of repetition and might evade review. There is no merit to either argument.

We have no concern, as required under voluntary cessation analysis, that the defendant has undertaken a subterfuge by halting potentially improper conduct and awaiting dismissal of the action to resume. *See Gates v. Cook*, 376 F.3d 323, 337 (5th Cir. 2004). The bankruptcy judges have not vacated the field and gone into temporary hiding, but instead have publicly substituted a new order that can be dealt with as appropriate.

Further, any legitimate claims are not evading review, as the new litigation can address the current order.

AFFIRMED.